```
          IN THE UNITED STATES DISTRICT COURT FOR
             THE SOUTHERN DISTRICT OF GEORGIA
                      SAVANNAH DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                         )   CASE NO. CR416-110<br>)<br>JOHNATHAN TURNER,        )<br>)<br>    Defendant.           )<br>_____   ) | |

## O R D E R

Before the Court is Defendant Johnathan Turner's Motion for Credit for Time Served (Doc. 25), which the Government opposes (Doc. 26). In his motion, Defendant seeks credit for time served from November 5, 2015 to July 27, 2016 to be applied toward his federal sentence. (Doc. 25 at 1.)

The Court must dismiss Defendant's motion. The BOP, not the Court, possesses the authority to determine the manner in which credit for prior custody is applied toward a federal sentence. Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995) ("The Attorney General—acting through the BOP—initially possesses the exclusive authority under the law of this Circuit to compute sentence credit awards after sentencing."); United States v. Roberson, 746 F. App'x 883, 885 (11th Cir. 2018) ("The Supreme Court has held that the responsibility for determining sentence-credit awards lies with the Attorney General, through the BOP, as opposed to district courts."). "Granting credit for time served is initially an administrative function, so a federal prisoner must pursue an administrative remedy through the prison system before

seeking judicial review." United States v. Martin, 362 F. App'x 69, 70 (11th Cir. 2010). As the Government notes, Defendant has not demonstrated that he sought administrative relief through the BOP, as is required, before filing his request with the Court. (Doc. 26 at 2.)

If Defendant has fully exhausted his administrative remedies with the BOP, Defendant may mount a judicial challenge to the BOP's decision by filing a civil action under 28 U.S.C. § 2241 in the district and division of his confinement. Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991); United States v. Gaynor, No. CR 406-014, 2016 WL 4030076, at *1 (S.D. Ga. July 26, 2016); see also United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies."). Because Defendant has not exhausted his administrative remedies, Defendant's Motion for Credit for Time Served (Doc. 25) is **DISMISSED**.

SO ORDERED this 1st day of December 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA